NOT FOR PUBLICATION                                    [Docket No. 22]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
DASHAWN WATSON,                 :
a/k/a CHAWN HACKLEY,            :
                                :   Civil Action No. 07-3175 (RMB)
            Plaintiff,          :
                                :
        v.                      :   OPINION
                                :
OFFICER MICHAEL OLDROYD,        :
                                :
            Defendant.          :
```

Appearances:

Dashawn Watson
#154273
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, New Jersey 08330
    Pro Se Plaintiff

A. Michael Barker, Esquire
Barker, Scott & Gelfand
Linwood Greene
210 New Road, Suite 12
Linwood, New Jersey 08221
(609) 601-8677
    Attorney for Defendant

**BUMB,** United States District Judge,

This matter comes before the Court upon the motion of Defendant Officer Michael Oldroyd to stay this matter pending adjudication of the Plaintiff's underlying criminal charges.

On or about July 10, 2007, Plaintiff, pro se, Dashawn Watson filed the within Complaint alleging that he was arrested without probable cause. He also alleges that he was the victim of

excessive force.  Specifically, Watson alleges that on June 28, 2007, he was approached by several officers including the Defendant, Officer Michael Oldroyd.  Plaintiff alleges that he was arrested without probable cause and that Officer Oldroyd beat him seriously enough to require hospital treatment.  In addition, Watson alleges that Oldroyd failed to give him his <u>Miranda</u> warnings.

On August 3, 2007, the Court held that Watson's claims of false arrest and excessive force could proceed past the initial review stage. [Docket No. 3].  With regard to Watson's allegation that he was not provided his <u>Miranda</u> warnings, the Court held the <u>Miranda</u> exclusionary rule is a prophylactic measure meant to prevent violations of the right against self-incrimination.  The failure to provide <u>Miranda</u> warnings to an arrestee does not violate the arrestee's constitutional rights and cannot be grounds for a § 1983 action.  Accordingly, Watson's <u>Miranda</u> claim was dismissed.

In support of the within motion, Defendant Oldroyd has introduced evidence that on August 30, 2007, Watson was indicted under Indictment Number 07-08-2006-C in the Superior Court of New Jersey, Atlantic County, New Jersey, for possession of a controlled dangerous substance, cocaine, in violation of <u>N.J.S.A.</u> 2C:35-10(a)(1); possession of a controlled dangerous substance, cocaine, with the intent to distribute in violation of <u>N.J.S.A.</u>

2C:35-5(b)(3); possession of a controlled dangerous substance, heroin, in violation of N.J.S.A. 2C:35-10(a)(1); possession of a controlled dangerous substance, cocaine, within 1,000 feet of school property in violation of N.J.S.A. 2C:35-7; possession of a controlled dangerous substance, heroin, within 1,000 feet of school property in violation of N.J.S.A. 2C:35-7; obstruction of the administration of law in violation of N.J.S.A. 2C:29-1; and resisting arrest by using or threatening to use physical force or violence against an officer; Michael Oldroyd, in violation of N.J.S.A. 2C:29-2(a)(1). Exh. 2 to Defendant's Motion and Certification of Pratt. As of the date of this Opinion, there has been no adjudication of the criminal charges. Moreover, Plaintiff Watson has not filed any opposition to the within request to stay.

Analysis

In Wallace v. Kato, 127 S.Ct. 1091 (2007), the Supreme Court addressed the issue of whether or not a stay is appropriate in cases such as this one. As the Court held:

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case is ended.

127 S.Ct. at 1097.

Clearly, if Watson were convicted of the pending criminal

charges in Superior Court, any finding in this case that Watson was arrested without probable cause, as he so claims, would necessarily impugn that conviction.  As such, under Wallace v. Kato, this Court will stay the false arrest claim.  See, e.g., Herrera v. City of New Brunswick, 2008 WL 305275, *8 (D.N.J. 2008); Hayhurst v. Upper Makefield Township, 2007 WL 1795682, *8 (E.D.Pa. 2007).

The remaining claim, excessive use of force, requires the Court to examine whether or not the claim relates to rulings that will likely be made in the pending trial.  Wallace, 127 S.Ct. at 1097.  Claims of excessive use of force, per se, do not necessarily impugn a criminal conviction.  However, if any element of the count of conviction could be undermined if Watson were to prevail in his excessive force claim in this Court, this Court should stay the claim under Wallace.

Here, Plaintiff has been charged with resisting arrest by using or threatening to use physical force or violence against Officer Oldroyd in violation of N.J.S.A. 2C:29-2(a)(1).  The claim, as presented, directly relates to the arrest, and is not a claim wholly independent of the arrest.  In other words, based on the record before the Court, the excessive force claim and the pending criminal charges are interrelated factually.  Thus, rulings will likely be made in the pending criminal trial as to the degree or justification of force used.  If Watson were

convicted for resisting arrest, a successful excessive force claim here would necessarily call into question the validity of that conviction.  (One cannot be found guilty of resisting arrest if he is simply protecting himself against the use of excessive force.)  Accordingly, under <u>Wallace v. Kato</u>, <u>supra</u>, this Court will also stay the excessive force claim.

  An appropriate Order will issue this date.


          <u>s/Renée Marie Bumb   </u>
          Renée Marie Bumb
          United States District Judge


Dated:<u> March 12, 2008</u>